Douglas S. Parker, OSB No. 821017
dparker@littler.com
Janice H.J. Kim, OSB No. 071377
jkim@littler.com
LITTLER MENDELSON, P.C.
121 SW Morrison St., Suite 900
Portland, OR 97204
Telephone: 503.221.0309
Fax No.: 503.242.2457

Attorneys for Defendant
WASTE MANAGEMENT OF OREGON, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RICHARD DONE,<br><br>  Plaintiff,<br><br>  v.<br><br>WASTE MANAGEMENT OF OREGON, INC., an Oregon corporation,<br><br>  Defendant. | Case No. **CV'09-1189-JO**<br><br>Mult. County Case No. 0908-11502<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT (FEDERAL QUESTION)** |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Waste Management of Oregon, Inc., an Oregon corporation ("Defendant"), by filing this Notice of Removal and related papers, removes this action from the Circuit Court of the State of Oregon for the County of Multnomah ("Multnomah County Circuit Court") to the United States District Court for the District of Oregon. Defendant states in support of its Notice of Removal the following:

/ / /

/ / /

PAGE 1 — **NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT (FEDERAL QUESTION)**

Receipt 29490

## NOTICE OF REMOVAL IS TIMELY

1. On or about August 17, 2009, Richard Done ("Plaintiff") commenced a civil action against defendant in Multnomah County Circuit Court entitled *Richard Done v. Waste Management, Inc.,* Case No. 0908-11502. Pursuant to 28 U.S.C. § 1446(a), all state court papers served on Defendant at the time of the removal, consisting of a Summons and Complaint, are attached hereto as **Attachments A and B,** respectively. By signing this Notice of Removal, counsel for Defendant verifies that the items attached hereto are true and complete copies of all the records and proceedings in the state court proceeding.

2. This Notice of Removal is timely filed under 28 U.S.C. §1446(b), which provides that a Notice of Removal must be filed within 30 days after a defendant receives, by service or otherwise, the initial pleading. On or about September 9, 2009, Plaintiff served a copy of the Complaint on Defendant. Therefore, this Notice of Removal is timely filed.

3. No further proceedings have been had in the Multnomah County Circuit Court, as of the date of filing this removal.

## FEDERAL QUESTION JURISDICTION EXISTS

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331. This action may be removed pursuant to 28 U.S.C. §1441 because the action involves a claim or right arising under the laws of the United States, as the Complaint's First and Second Claims for Relief are based upon alleged violations of 42 U.S.C. §§2000e–2(a) and 2000e–3(a). *See* **Attachment B at 5-6.** The action also includes state law claims, as the Complaint's First through Fourth Claims for Relief are based upon ORS 652.120, 653.261, 652.140, and 653.045 *See* **Attachment B at 1-5.**

PAGE 2 — NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT (FEDERAL QUESTION)

LITTLER MENDELSON, PC
121 SW Morrison St., Suite 900
Portland, OR 97204
Telephone: 503.221.0309
Facsimile: 503.242.2457

5.  This Court has original jurisdiction of the federal claims pursuant to 28 U.S.C. §1331.

6.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367(a), as the state claims form part of the same case or controversy as the federal claims.

## REMOVAL TO THIS DISTRICT IS PROPER

7.  Pursuant to 28 U.S.C. §§1331, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

8.  Pursuant to 28 U.S.C. §§1441(a), removal is made to this Court as the District and Division embracing the place where the state court action is pending.

9.  Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by filing this Notice of Removal.

10. Defendant is providing to Plaintiff, through his counsel, written notice of the filing of this Notice of Removal. Furthermore, Defendant is filing a copy of this Notice of Removal with the Clerk of the Multnomah County Circuit Court, where the action is currently pending.

Dated: October 7, 2009

LITTLER MENDELSON, P.C.

Douglas S. Parker, OSB No. 821017
dparker@littler.com
Janice H.J. Kim, OSB No. 071377
jkim@littler.com

Attorneys for Defendant
WASTE MANAGEMENT, INC.

PAGE 3 — NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT (FEDERAL QUESTION)

LITTLER MENDELSON, PC
121 SW Morrison St., Suite 900
Portland, OR 97204
Telephone: 503.221.0309
Facsimile: 503.242.2457

2:35

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| RICHARD DONE | Case No. **0908-11502** |
| Plaintiff, | SUMMONS |
| v. | |
| WASTE MANAGEMENT OF OREGON, INC., an Oregon corporation; | |
| Defendant. | |

TO:   WASTE MANAGEMENT OF OREGON, INC.

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in the proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY FOR PLAINTIFF
Peter D. Stutheit, OSB No. 061248
3524 NE 17th Avenue
Portland, OR 97212
(503) 493-7488

STATE OF OREGON, County of Multnomah,

STATE OF OREGON , County of Multnomah ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFFS

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hrereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned herein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Dated this 16th day of August, 2009

_____
ATTORNEY OF RECORD FOR PLAINTIFFS

SUMMONS

*I HEREBY CERTIFY THAT THE FOREGOING IS A COMPLETE AND EXACT COPY OF THE ORIGINAL THEREOF.*

Attorney for RICHARD DONE

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| RICHARD DONE, <br><br> Plaintiff, <br><br> v. <br><br> WASTE MANAGEMENT OF OREGON, INC., an Oregon corporation; <br><br> Defendant. | Case No. 0908-11502 <br><br> **COMPLAINT** <br><br> **CASE NOT SUBJECT TO MANDATORY ARBITRATION** <br><br> **JURY TRIAL REQUESTED** |

Plaintiff Richard Done ("Plaintiff" or "Mr. Done"), by and through his attorneys, alleges as follows for his complaint:

### FIRST CLAIM FOR RELIEF

(Failure to Pay Wages Owed On Regular Payday In Violation of ORS 652.120)

1.

Mr. Done is a natural person residing at all materials times in the State of Oregon.

2.

Defendant Waste Management of Oregon, Inc. ("WMI") is an Oregon corporation that offers solid waste and recycling services to communities throughout Oregon, including communities in Multnomah County. WMI conducts regular, sustained business in Multnomah County.

3.

WMI employed Mr. Done at its Sandy, Oregon transfer station. At all times during his employment with WMI, Mr. Done was a non-exempt hourly employee.

COMPLAINT - 1

PETER STUTHEIT ATTORNEY AT LAW LLC
3524 NE 17TH AVENUE PORTLAND, OR
T: 503.493.7488 | F: 503.715.5670
PETER@PETERSTUTHEIT.COM

Attachment B
Page 1 of 7

4.

WMI's Sandy Transfer station regularly employed temporary workers from temporary employment agencies, such as Labor Ready. As part of his job duties, Mr. Done provided transportation to the temporary workers each day by picking up the temporary workers in the morning and transporting them to work, and by transporting them to the post-work destination of their choice (i.e. their homes, the employment agency office, etc.) at the end of the day. The presence of the temporary workers at, and transporting of the temporary workers to, the Sandy transfer station was necessary for the operation of the Sandy transfer station and was in integral and indespsible part of Mr. Done's principal activities.

5.

WMI has not compensated Mr. Done for time he spent transporting temporary workers.

6.

WMI's failure to compensate Mr. Done for time spent transporting temporary workers was willful. WMI knew Mr. Done was working off the clock by transporting temporary workers. WMI suffered and permitted such work, but did not pay him for the work.

7.

By failing to compensate Mr. Done for any time spent transporting temporary workers, WMI has failed to timely pay Mr. Done all wages due and owing to him at a regularly established payday, in violation of ORS 652.120(1).

8.

Mr. Done was forced to hire an attorney to recover the wages WMI refused to pay. When he succeeds on this claim, he will be entitled to an award of her reasonable attorneys fees, pursuant to ORS 652.200.

//
//
//
//

COMPLAINT - 2

PETER STUTHEIT ATTORNEY AT LAW LLC
3524 NE 17TH AVENUE PORTLAND, OR
T: 503.493.7488 | F: 503.715.5670
PETER@PETERSTUTHEIT.COM

## SECOND CLAIM FOR RELIEF

(Failure to Pay Overtime Wages in Violation of ORS 653.261 & OAR 839-020-0030)

9.

Plaintiff repeats and reincorporates each of the preceding paragraphs as if set forth fully herein.

10.

Mr. Done was typically scheduled to work 40 hours per week (exclusive of the off-the-clock time he spent transporting temporary workers) and he was typically compensated for 40 hours of work per week.

11.

Mr. Done's off-the-clock work of transporting temporary workers frequently caused him to work in excess of 40 hours per week.

12.

As a non-exempt, hourly employee, WMI was required to compensate Mr. Done for all hours worked, and to pay him overtime pay of 1.5 times his regularly rate of pay for all hours worked in excess of 40 hours per week.

13.

WMI has violated ORS 653.261 and OAR 839.020-0030 by failing to pay Mr. Done any overtime wages as required by Oregon law.

14.

As a result of ORSI's violations of ORS ORS 653.261, Mr. Done is entitled to his actual damages for the unpaid wages according to proof and 30 days of penalty wages in the amount of $5,700.00 pursuant to ORS 653.055

15.

Mr. Done was forced to hire an attorney to recover the wages WMI refused to pay. When he succeeds on this claim, he will be entitled to an award of her reasonable attorneys fees, pursuant to ORS 653.055.

COMPLAINT - 3

PETER STUTHEIT ATTORNEY AT LAW LLC
3524 NE 17TH AVENUE PORTLAND, OR
T: 503.493.7488 | F: 503.715.5670
PETER@PETERSTUTHEIT.COM

### THIRD CLAIM FOR RELIEF

**(Failure to Pay Wages Owed at Termination – ORS 652.140)**

16.

Plaintiff repeats and reincorporates each of the preceding paragraphs as if set forth fully herein.

17.

WMI terminated Mr. Done's employment on or about May 1, 2009.

18.

Mr. Done did not receive a final paycheck from WMI for all wages due and owing to him at the time of his termination by the end of the first business day following her termination, in violation of ORS 652.140(1).

19.

WMI's nonpayment of wages was willful.

20.

Mr. Done gave WMI written notice of this wage claim more than 12 days prior to filing suit.

21.

As a result of ORSI's violations of ORS 652.140, Mr. Done is entitled to his actual damages for the unpaid wages according to proof and 30 days of penalty wages in the amount of $5,700.00 pursuant to ORS 652.150.

22.

Mr. Done was forced to hire an attorney to recover the wages WMI refused to pay. When he succeeds on this claim, he will be entitled to an award of his reasonable attorneys fees, pursuant to ORS 652.200(2).

//
//
//

COMPLAINT - 4

PETER STUTHEIT ATTORNEY AT LAW LLC
3524 NE 17TH AVENUE PORTLAND, OR
T: 503.493.7488 | F: 503.715.5670
PETER@PETERSTUTHEIT.COM

## FOURTH CLAIM FOR RELIEF

### (Failure to Maintain Accurate Payroll Records)

23.

Plaintiff repeats and reincorporates each of the preceding paragraphs as if set forth fully herein.

24.

WMI did not maintain any records of the time Mr. Done worked off-the-clock. In so doing, WMI violated ORS 653.045 by failing to maintain accurate time records of all hours Mr. Done worked.

25.

WMI's violation was willful.

26.

MR. Done gave WMI written notice of this wage claim more than 12 days prior to filing suit.

27.

As a result of WMI's violations 653.045, Mr. Done is entitled to his actual damages according to proof and 30 days of penalty wages in the amount of $5,700.00 pursuant to ORS 653.055(b) and 652.150.

## FIFTH CLAIM FOR RELIEF

### (Violation of the Fair Labor Standards Act)

28.

Plaintiff repeats and reincorporates each of the preceding paragraphs as if set forth fully herein.

29.

At all time material herein, Mr. Done has been entitled to the rights, protections and benefits provided by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). The

COMPLAINT - 5

PETER STUTHEIT ATTORNEY AT LAW LLC
3524 NE 17TH AVENUE PORTLAND, OR
T: 503.493.7488 | F: 503.715.5670
PETER@PETERSTUTHEIT.COM

1  FLSA regulates, *inter alia*, the payment of overtime pay by employers whose employees are
2  engaged in interstate commerce.

3                                              30.

4  WMI is subject to the overtime pay requirements of the FLSA because it is an enterprise
5  engaged in interstate commerce and its employees are engaged in interstate commerce.

6                                              31.

7  This Court has jurisdiction Plaintiff's claim pursuant to 29 U.S.C. § 216(b).

8                                              32.

9  WMI violated the FLSA by failing to pay Mr. Done overtime compensation in
10 accordance with 29 U.S.C. § 207(a)(1) and § 207(e).

11                                             33.

12 Mr. Done is entitled to damages equal to the mandated overtime premium pay for the
13 three years preceding the filing of this complaint, plus periods of equitable tolling, because WMI
14 acted willfully and knew its conduct was prohibited by the FLSA or showed a reckless disregard
15 of whether its conduct was prohibited by the FLSA.

16                                             34.

17 WMI has acted neither in good faith nor with reasonable grounds to believe its actions
18 and omissions did not violate the FLSA, and as a result thereof, Mr. Done is entitled to recover
19 an award of liquidated damages in an amount equal to the amount of unpaid overtime, pursuant
20 to 29 U.S.C. § 216(b)

21 **WHEREFORE**, Plaintiff Richard Done prays for relief as follows:

22 On his First Claim for Relief, a judgment for (1) the amount of wages WMI has failed to
23 pay according to proof, but in no event less than $35,000, pursuant to ORS 652.120; (2)
24 prejudgment interest at the highest legal rate; (3) his attorneys fees and costs, pursuant to ORS
25 652.200

26 On his Second Claim for Relief, a judgment for (1) the amount of wages WMI has failed
27 to pay according to proof, but in no event less than $35,000, pursuant to ORS 653.261; (2)

28

COMPLAINT - 6

PETER STUTHEIT ATTORNEY AT LAW LLC
3524 NE 17TH AVENUE PORTLAND, OR
T: 503.493.7488 | F: 503.715.5670
PETER@PETERSTUTHEIT.COM

prejudgment interest at the highest legal rate; (3) penalty wages of no less han $5,700, pursuant to ORS 653.055; and (4) his attorneys fees and costs, pursuant to ORS 653.055;

On his Third Claim for Relief, a judgment for (1) the amount of wages WMI has failed to pay according to proof, but in no event less than $35,000, pursuant to ORS 652.140; (2) prejudgment interest at the highest legal rate; (3) penalty wages of no less $5,700, pursuant to ORS 652.150; and (4) his attorneys fees and costs, pursuant to ORS 652.200;

On his Fourth Claim for Relief, a judgment for (1) actual damages according to proof, but in no event less than $15,000; (2) penalty wages of no less $5,700, pursuant to ORS 653.045 and ORS 652.150; and (3) his attorneys fees and costs, pursuant to ORS 653.055; and

On his Fifth Claim for Relief, a judgment for (1) the amount of wages WMI has failed to pay according to proof, but in no event less than $35,000, pursuant to 29 U.S.C. § 216(b); (2) liquidated damages equal to the amount of unpaid wages according to proof, but in no event less than $35,000, pursuant to 29 U.S.C. § 216(b); (3) prejudgment interest at the highest legal rate; and (4) his attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

For such other and further relief as this Court deems just.

DATED: August 15th, 2009

PETER STUTHEIT ATTORNEY AT LAW LLC

By _____
PETER STUTHEIT, OSB No. 061248
Attorneys for Plaintiff Richard Done

TRIAL ATTORNEY: PETER STUTHEIT

COMPLAINT - 7

PETER STUTHEIT ATTORNEY AT LAW LLC
3524 NE 17TH AVENUE PORTLAND, OR
T: 503.493.7488 | F: 503.715.5670
PETER@PETERSTUTHEIT.COM

Attachment B
Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2009, I served a full, true, and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT (FEDERAL QUESTION):**

☐ By delivery via messenger, or otherwise by hand,
☐ By facsimile,
☐ By e-mail,
☒ Mailing same, postage paid,

addressed to:

Peter D. Stutheit
Peter Stutheit Attorney At Law, LLC
3524 NE 17th Avenue
Portland, OR 97212
Telephone: (503) 493-7488
Facsimile: (503) 715-5670
E-mail: peter@peterstutheit.com

Attorneys for Plaintiff

By: *Laura M Lucero*
Laura Lucero
Assistant to Douglas S. Parker

Firmwide:92342427.1 046609.1652

PAGE 4 — **NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT (FEDERAL QUESTION)**

LITTLER MENDELSON, PC
121 SW Morrison St., Suite 900
Portland, OR 97204
Telephone: 503.221.0309
Facsimile: 503.242.2457